## LYDIA MORRILL et a. *versus* NATHANIEL MORRILL.

Where a committee appointed by this court to make partition of a mill privilege, made partition by assigning to each of the owners so much water as would run through a gate of certain dimensions, it was held that partition might be legally made in that manner, unless shown to be very injurious to the estate.

THIS was a petition for partition, in which the petitioners, Lydia Morrill and Dorothy Morrill, alleged, that they were seized in fee simple, each of one undivided fourth part of certain real estate in Brentwood, called the sawmill privilege at Crowley's falls, bounded, &c. as

tenants in common with Nathaniel Morrill, and prayed that their said parts might be assigned to them in severalty.

<div style="text-align: right; font-style: italic;">Morrill et a.<br>v.<br>Morrill.</div>

A committee appointed by the court, made a return of a partition as follows :—

They assigned to Lydia Morrill, as her share of the land and mill privilege, a tract of land bounded, &c. " together with the right and privilege of taking and drawing from Exeter river, within the limits before described, so much of the water of said river as will flow through a gate of the length of eighteen inches, and of the breadth or height of sixteen inches, together with a sufficient passage way or water course for all the water flowing through the gate aforesaid to flow, without obstruction to the main channel of said Exeter river through the remaining parts of the premises described in said petition."

They assigned to Dorothy Morrill, as her share, a tract of land bounded, &c. together with the right of taking and drawing water in the same manner, and to the same extent as above assigned to Lydia Morrill.

*Tilton* and *Sullivan*, for the respondent, contended, that the report of the committee ought not to be accepted, because a mill privilege and a stream of water owned by tenants in common is not by law divisible, but such tenants must use and enjoy it in common.

*S. D. Bell*, for the petitioners.

*By the court.* In general, real estate when owned by two or more persons as tenants in common, or joint tenants, may be divided, so that each owner may have a distinct part of the land, or other thing so holden, in severalty. But in some cases, real estate cannot be so divided; yet still there may be a partition. When the estate cannot be divided into several parts and a distinct part assigned to each owner, it is to be divided by assigning to one the use of it one week, and to another the use of it another week, &c.   Co. Litt. 164, *b* ; Carthew, 505,

Morrill et a. *The Bishop of Salisbury* v. *Phillips* ; 8 Vesey, 143, *Turner*
v.
Morrill. v. *Morgan* ; Com. Dig. " Chancery," 4, E.

Partition is a matter of right, and it is no answer to a petition for that purpose, that a partition cannot be made without great inconveniences. 8 Vesey, 143.

In this case, there was no mill to be divided, but a tract of land with a sawmill privilege. We see no objection to a partition in the way adopted by the committee in this instance. All appears well enough on the face of the proceedings. If, in fact, a partition in the manner adopted by this committee will be very injurious to the property, we can send the case back to the committee with directions to divide it in some other way. But we see nothing on the face of the proceedings which shows that a proper partition has not been made in this case.